UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

SUZETTE J.,[1]

                Plaintiff,

v.                            CIVIL ACTION NO.: 2:23cv341

MARTIN O'MALLEY,
COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

## FINAL ORDER

This matter comes before the court on Plaintiff's Objections to the Report and Recommendation ("R&R") of the Magistrate Judge, ECF No. 17, and Defendant's Response, ECF No. 18. The R&R recommended affirming the decision of the Commissioner of Social Security and denying Plaintiff's Motion for Summary Judgment, ECF No. 9. See ECF No. 16 at 57 (R&R). For the reasons set forth below, the court **AFFIRMS** the Commissioner's decision and **DENIES** Plaintiff's Motion for Summary Judgment.

### I. PROCEDURAL HISTORY

On July 14, 2023, Plaintiff filed a Complaint in this court appealing the Commissioner of Social Security's decision denying

---

[1] In accordance with a committee recommendation of the Judicial Conference, Plaintiff's last name has been redacted for privacy reasons. Comm. on Ct. Admin. & Case Mgmt. Jud. Conf. U.S., Privacy Concern Regarding Social Security and Immigration Opinions 3 (2018).

her application for Social Security Disability Insurance benefits ("DIB"). ECF No. 1 at 2. On September 20, 2023, the court referred the matter to United States Magistrate Judge Douglas E. Miller pursuant to 28 U.S.C. § 636(b)(1)(B), thereby designating him to "conduct hearings, including evidentiary hearings, if necessary, and to submit to [the undersigned district judge] proposed findings of fact, if applicable, and recommendations for the disposition of this matter." ECF No. 5.

In accordance with the Magistrate Judge's September 21, 2023, Order, ECF No. 6, Plaintiff submitted her Motion for Summary Judgment, ECF No. 9, an accompanying Memorandum in Support, ECF No. 10, and a Notice of Waiver of Oral Argument, ECF No. 11, on December 11, 2023. Plaintiff then filed an Amended Memorandum in Support on December 22, 2023, ECF No. 12, and a Second Amended Memorandum in Support on December 26, 2023, ECF No. 13. Defendant filed a brief opposing Plaintiff's Motion for Summary Judgment on January 10, 2024. ECF No. 14. Plaintiff filed a Reply on January 24, 2024. ECF No. 15.

Pursuant to the court's Referral Order, ECF No. 5, on February 27, 2024, the Magistrate Judge filed an R&R recommending that Plaintiff's Motion for Summary Judgment be denied, thereby upholding the Administrative Law Judge's ("ALJ") ruling denying Plaintiff's claim for DIB. ECF No. 16 at 1-2, 57. The parties then had fourteen (14) days to file written objections to the R&R.

See ECF Nos. 5, 16 at 58. On March 12, 2024, Plaintiff filed her Objections, ECF No. 17, to which Defendant responded on March 26, 2024, ECF No. 18.

## II. DISCUSSION

Plaintiff's claim before the ALJ sought DIB for the period of November 1, 2018, her alleged onset date of disability, to December 31, 2021.[2] R. 18.[3] The ALJ followed the five-step analysis set out in the regulations to evaluate Plaintiff's claim of disability. See 20 C.F.R. §§ 404.1520(a), 416.920(a); R. 21-39; see also ECF No. 16 at 42-43 (R&R summary of the ALJ's analysis). The ALJ first determined that Defendant had not engaged in substantial gainful activity from November 1, 2018, to December 31, 2021, and that she suffered from severe physical impairments. R. 21. However, the ALJ then found that Plaintiff's impairments did not meet or medically equal a condition within the Social Security Administration's listing of official impairments. R. 25-28. The ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with

---

[2] Plaintiff previously applied for DIB with an alleged onset date of disability of February 15, 2016. ECF No. 16 at 2 n.2. This application was denied initially and on reconsideration. Id. After a hearing, the ALJ denied Plaintiff's claim on October 31, 2018, and she did not contest that denial in federal court. Id.

[3] Page citations are to the administrative record that Defendant previously filed with the court. See ECF No. 3.

3

limitations. R. 28. Furthermore, although the ALJ determined that Plaintiff could not perform her past relevant work as a bank teller, the ALJ did find that Plaintiff could perform other jobs in the national economy, such as data entry clerk, registration clerk, and information clerk. R. 37-38. After conducting this analysis, the ALJ ultimately found that Plaintiff was ineligible for benefits because she was not under a disability from November 1, 2018, through December 31, 2021. R. 38-39.

### A. Legal Standard

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, must make a *de novo* determination of those portions of the R&R to which the parties have specifically objected. Fed. R. Civ. P. 72(b). For unchallenged portions, the court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

Objections to the R&R must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Elijah v. Dunbar, 66 F.4th 454,

4

460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). "Importantly, objections need not be novel to be sufficiently specific." Id. Accordingly, a party's objections may "merely restate[] all of [her] claims" raised before the Magistrate Judge. Id. (internal quotation marks omitted). However, objections must "respond to specific errors in the [R&R] because general or conclusory objections are not proper. General or conclusory objections are the equivalent of a waiver." Scott v. Va. Port Auth., No. 2:17-cv-176, 2018 WL 1508592, at *2 (E.D. Va. Mar. 27, 2018) (Jackson, J.) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

### B. Analysis

Plaintiff raises two (2) objections to the R&R. First, she challenges the Magistrate Judge's finding that the ALJ properly evaluated her subjective complaints of pain. ECF No. 17 at 1. Second, she argues the court should reject the Magistrate Judge's finding that the ALJ properly evaluated Plaintiff's migraines. Id. at 4. The court reviews de novo the portions of the R&R to which Plaintiff objected.

In reviewing the ALJ's decision denying benefits, the court is limited to determining whether substantial evidence on the record supports the ALJ's decision and whether the ALJ applied the proper legal standard in evaluating the evidence. See 42 U.S.C. § 405(g); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005).

5

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ceres Marine Terminals, Inc. v. Green, 656 F.3d 235, 239 (4th Cir. 2011) (internal quotation marks omitted). "It requires more than a mere scintilla but less than a preponderance." Id. (internal quotation marks omitted). Reversing the denial of benefits is appropriate only if the ALJ's determination is unsupported by substantial evidence on the record, or if the ALJ made an error of law. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Further, if substantial evidence supports an ALJ's decision, the reviewing court cannot reverse that decision based on a "belie[f] that substantial evidence also supports a contrary result." Estep v. Richardson, 459 F.2d 1015, 1017 (4th Cir. 1972). Finally, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision." Thomas v. Berryhill, 916 F.3d 307, 312 (4th Cir. 2019) (quoting Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014)).

For the reasons explained below, and after conducting a de novo review of the record, the court finds no error in the Magistrate Judge's conclusion that the ALJ's determinations are supported by substantial evidence and are not legally erroneous.

### 1. Plaintiff's First Objection

As noted above, Plaintiff first objects to the Magistrate Judge's determination "that the ALJ properly evaluated Plaintiff's

6

subjective complaints of pain pursuant to SSR 16-3p and prevailing law." ECF No. 17 at 1. SSR 16-3p provides the framework for evaluating a claimant's symptoms, SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016), and the main case Plaintiff relies on is <u>Arakas v. Commissioner, Social Security Administration</u>, 983 F.3d 83 (4th Cir. 2020). ECF No. 17 at 1-3. She argues the ALJ erred under <u>Arakas</u> by failing to mention certain evidence that Plaintiff believes supported her subjective complaints of pain. <u>Id.</u> Plaintiff further claims the ALJ "cherry-picked evidence in order to support a finding of non-disability." <u>Id.</u> at 2. However, the record demonstrates otherwise.

In <u>Arakas</u>, the Fourth Circuit remanded an ALJ's DIB decision and clarified several reasons why such a decision can be inadequate. 983 F.3d at 95. Part of the <u>Arakas</u> court's reasoning focused on subjective complaints about diseases that do not produce objective medical evidence, such as fibromyalgia. 983 F.3d at 96-98. When assessing such diseases, "ALJs may not rely on objective medical evidence (or the lack thereof) — even as just one of multiple factors — to discount a claimant's subjective complaints regarding symptoms of" those diseases. <u>Id.</u> at 97. Here, as the R&R correctly recognized, Plaintiff does not complain of fibromyalgia or a similar disease that does not produce objective medical evidence. ECF No. 16 at 46. Instead, her complaints concern "pain related to documented physical impairments in her

7

neck, back, head, and knees." Id. Therefore, Arakas' holding about assessing subjective complaints regarding symptoms of fibromyalgia or similar diseases is inapposite.

Arakas also held, as is relevant here, that if an ALJ selectively cites evidence from the record and misstates and mischaracterizes material facts, then substantial evidence may not support an ALJ's decision to discredit subjective complaints. 983 F.3d at 98. Plaintiff argues the ALJ failed to account for "severe findings [that] were noted on her cervical and lumbar CT myelogram." ECF No. 17 at 2 (citing R. 611). The record indicates that a lumbar CT myelogram and a cervical CT myelogram, both conducted on September 29, 2020, showed "[m]oderate to severe" facet arthropathy in the L4-L5 (lumbar) and C4-C5 (cervical) regions of Plaintiff's spine. R. 611.

Contrary to Plaintiff's assertions, the ALJ's report considered the CT myelogram evidence and weighed it against other evidence in the record. First, the ALJ listed claimant's "facet arthropathy . . . of L4-L5," which was noted in the lumbar CT myelogram evidence, as one of claimant's "severe impairments." R. 21. The ALJ then explained that "[t]he severity of claimant's" facet arthropathy of L4-L5, along with other impairments, "considered singly and in combination, did not meet or medically equal the criteria of any impairment listed" in the relevant regulations. R. 25. The ALJ also assessed the "asymmetric

8

left-sided facet arthropathy C3-C5" that the cervical CT myelogram scans revealed. R. 30. Her report then weighed the myelogram evidence against other evidence that cut against awarding Plaintiff DIB. For example, the ALJ observed that Plaintiff's "objective examinations, including . . . CT scans . . . indicate mostly normal/mild/moderate findings overall." R. 32. Further, the ALJ reasoned that Plaintiff's "allegations of disabling impairments" were "inconsistent with objective findings and subjective findings on examinations." Id. For example, the ALJ noted that Plaintiff's "impairments remained stable or improved at least somewhat with treatment, including medications and injections." Id. Additionally, although Plaintiff complained of severe pain in her hearing testimony, "she is not seeing a pain doctor, and the medications that her doctor is prescribing are dealing primarily with her migraines." R. 35. The ALJ also cited an examination that indicated Plaintiff "had 5/5 strength both proximally and distally in the bilateral upper and lower limbs, as well as nonantalgic gait with a normal base." Id. That Plaintiff took a trip to Florida in January 2021 also factored into the ALJ's decision. R. 32, 34. Finally, the ALJ gave "great weight to the prior unfavorable [ALJ] decision" that found Plaintiff ineligible for DIB, dated October 31, 2018, which Plaintiff did not contest in federal court. R. 32-34; see supra n. 2. Notably, the ALJ emphasized that Plaintiff's alleged onset date of disability,

9

November 1, 2018, is one day after the prior unfavorable ALJ decision was issued on October 31, 2018. R. 21.

For these reasons, based on the court's de novo review of the record, the court agrees with the Magistrate Judge's conclusion that substantial evidence supports the ALJ's decision. ECF No. 16 at 44-45. As the R&R explains, "the ALJ thoroughly detailed the medical record in support of her RFC findings and highlighted numerous pieces of evidence contradicting Plaintiff's subjective complaints of pain." Id. at 50 (citing R. 29-32). Importantly, the ALJ built for the court "'an accurate and logical bridge' from the evidence to [her] conclusions." Arakas, 983 F.3d at 95 (quoting Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016)). Therefore, the court **OVERRULES** Plaintiff's first objection.

### 2. Plaintiff's Second Objection

Plaintiff also argues the ALJ failed to adequately explain why Plaintiff's migraines did not meet or equal Listing 11.02 and to evaluate Plaintiff's migraines under SSR 19-4p. ECF No. 17 at 4. Listing 11.02 explains when certain impairments entitle a claimant to DIB and, as the R&R recognized, this listing "applies to epilepsy, but because there is no separate listing for migraines or headaches, courts routinely apply Listing 11.02 when analyzing a claimant's migraine-related impairments." ECF No. 16 at 50-51 (citing Juanita D.J. v. Comm'r of the Soc. Sec. Admin., No. 4:22cv64, 2023 WL 3941997, at *34 (E.D. Va. May 8, 2023)

10

(Krask, J.), R&R adopted, 2023 WL 3940107 (E.D. Va. June 9, 2023) (Allen, J.)). SSR 19-4p provides guidance on how to evaluate primary headache disorders, such as migraines, in disability claims. See SSR 19-4p, 2019 WL 4169635, at *2 (Aug. 26, 2019).

The ALJ's report explained that Plaintiff's impairments, including migraines, "were evaluated under . . . section 11.00 Neurological Disorders," which contains Listing 11.02. R. 25. The ALJ then noted that, "[a]lthough severe, these impairments were not attended, singly or in combination, with the specific clinical signs and diagnostic findings required to meet or equal the requirements set forth in the Listing of Impairments." Id. The report also explained that Plaintiff's migraines and other symptoms, "considered singly and in combination, did not meet or medically equal the criteria of any impairment listed in . . . section 11.00 Neurological Disorders." Id. The ALJ then specified that, "[i]n the absence of evidence of epilepsy, documented by a detailed description of a typical seizure, and characterized by A, B, C, or D, as defined in listing 11.02," Plaintiff's migraines did not meet the severity of Listing 11.02. R. 27. The ALJ's report then added that, having "considered and applied SSR 19-4p," Plaintiff "does not meet the criteria in SSR 19-4p," in part because "there is no evidence of complications from headaches affecting any body system to a degree that medically equals a listing." Id. These conclusions about Listing 11.02 and SSR 19-4p

11

are supported by the ALJ's analysis of Plaintiff's medical records as well as substantial evidence that indicated Plaintiff's migraines did not meet the requisite level of severity.

Specifically, the ALJ weighed Plaintiff's testimony that "she has chronic migraines every day," "wakes up with headaches," and that "her medications ease the pain from her migraines." R. 29. The ALJ continued, "however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Id. For example, "[p]rogress notes from December 2, 2019, indicate that the claimant's headache/vertigo was stable on Cymbalta and Fiorinol." R. 30. Further, "the objective examinations, including PEs, x-rays, MRIs, CT scans, and EEGs, indicate mostly normal/mild/moderate findings overall," and "the claimant's impairments remained stable or improved at least somewhat with treatment, including medications and injections." R. 32. Finally, the ALJ observed that Plaintiff traveled to Florida in January 2021. Id.

In sum, the ALJ adequately explained how substantial evidence supports her conclusions regarding migraines, even if some evidence supports a different conclusion. For these reasons, the court agrees, after de novo review, with the R&R's conclusion that "[u]nder these circumstances, the ALJ adequately considered

12

Plaintiff's migraines and other impairments, and the RFC is supported by substantial evidence." ECF No. 16 at 57. Plaintiff's second objection is accordingly **OVERRULED**.

### III. CONCLUSION

For the reasons stated above, having reviewed the record in its entirety, the court hereby **OVERRULES** Plaintiff's Objections to the R&R, ECF No. 17, and **ADOPTS AND APPROVES IN FULL** the findings and recommendations set forth in the Magistrate Judge's thorough and well-reasoned R&R, filed on February 27, 2024, ECF No. 16. Accordingly, Plaintiff's Motion for Summary Judgment, ECF No. 9, is **DENIED**. The decision of the Commissioner is **AFFIRMED**, and this matter is **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to enter judgment in favor of Defendant and close the case on this court's docket. The Clerk is further **DIRECTED** to send a copy of this Final Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/ RBS
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

April 9, 2024

13